**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

FILED

Oct 23  3  33 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| MARIA RODRIGUEZ, suing as the mother and next friend of ANGEL RODRIGUEZ,<br>　　　　Plaintiff | : | |
| | : | |
| vs. | : | Civil No. 3:02cv1521 (PCD) |
| | : | |
| PARIS and KING,<br>　　　　Defendants | : | |

## RULING ON MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c), Defendants move for summary judgment. For the reasons state herein, the Motion is **denied**.

## I. STANDARD OF REVIEW:

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). In determining whether a genuine issue has been raised, all ambiguities are resolved and all reasonable inferences are drawn against the moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980). Summary judgment is proper when reasonable minds could not

1

differ as to the import of evidence. <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991).

"Conclusory allegations will not suffice to create a genuine issue." <u>Delaware & H. R. Co. v. Conrail</u>, 902 F.2d 174, 178 (2d Cir. 1990).  Determinations of the weight to accord evidence or credibility of witnesses are improper on a motion for summary judgment as such are within the sole province of the jury.  <u>Hayes v. N.Y. City Dep't of Corr.</u>, 84 F.3d 614, 619 (2d Cir. 1996).

## II. BACKGROUND:

This action brought by Maria Rodriguez, as mother and next friend of Angel Rodriguez, pursuant to 42 U.S.C. § 1983, alleges that a violation of the Fourth Amendment occurred when Defendants, Officers Paris and King, used excessive force to arrest Angel Rodriguez on October 10, 2000.  The only undisputed facts are as follows:[1]

On October 10, 2000, Defendants were patrolling the area of Olive Street and Park Avenue in Bridgeport, Connecticut.  They observed a group congregating at 136 Olive Street. When Defendants approached, Plaintiff fled the scene towards Park Avenue.  Plaintiff had 20 bags of marijuana on him and did not want to be caught.  Plaintiff was subsequently apprehended.  During his apprehension, Plaintiff sustained injuries.  Plaintiff was then taken to juvenile detention, but was not admitted and was instead taken to the hospital.  The named Defendants filed an incident report that does not refer to any other officers involved in the incident.

## III. ANALYSIS:

### A. Identification of the Officers:

Defendants argue that they were not the officers who originally apprehended Plaintiff and

---

[1] Most of the details of the facts are disputed and will be further discussed below.

2

that if any force was used they were not the responsible parties. Def. Mem. Supp. Summ. J. at 4-

5. They point to alleged ambiguities in Plaintiff's description of the officer(s) who apprehended

him and Officer Uliano's (not a party to this lawsuit) statement that he was the one who

apprehended Plaintiff to suggest that Plaintiff has misidentified the party responsible for his

injuries. Id. Plaintiff points to the incident report filed by Defendants, which mentions no other

officers on the scene, as evidence that the proper Defendants are named. Pl. Mem. Opp. Summ.

J. at 6. This is clearly a dispute over a material fact, as it goes to the heart of who is responsible

for Plaintiff's injuries, and the Court cannot properly rule on the question. See Anderson v.

Liberty Lobby, 477 U.S. at 248 (Summary judgment only appropriate where there is no issue of

material fact.). Whether or not Defendants are the parties responsible for Plaintiff's injuries is a

question for a fact finder, not the Court.

### B. Qualified Immunity:

Under certain circumstances police officers are entitled to qualified immunity from

excessive force allegations. The qualified immunity defense is an immunity from suit or "an

entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472

U.S. 511, 526 (1985). In order to address a qualified immunity defense, a court must make two

inquiries: 1) "Taken *in the light most favorable to the party asserting the injury*, do the facts

alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194,

201 (2001) (emphasis added); and 2) Whether "whether the right was clearly established." Id.

With regard to the latter step, it "must be undertaken in light of the specific context of the case,

not as a broad general proposition." Id. In other words, the "contours of the right must be

sufficiently clear that a reasonable official would understand that what he is doing violates that

3

right." Id. at 202, see also Malley v. Briggs, 475 U.S. 335, 341 (1986) (Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that there wasn't a violation of the Fourth Amendment). If "the court determines that the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendant's conduct under the circumstances, qualified immunity applies." Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995).

With respect to the first inquiry,[2] a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other "seizure" of his person" is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." Graham v. Connor, 490 U.S. 386, 388 (1989). However, the "test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." Id. at 398. Rather, "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. Generally, the "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.

As noted above, the facts are deeply contested with respect to what actually took place when Plaintiff was apprehended. About all that is agreed upon is that Plaintiff was fleeing the

---

[2] While under certain circumstances the Second Circuit has bypassed this inquiry and proceeded directly to the second inquiry, this is the exception rather than the rule. Loria v Gorman, 306 F.3d 1271, 1281 (2d Cir. 2002). Addressing the initial question "serves the important role of providing a clear standard against which officers can measure the legality of future conduct." Id.

4

scene. However with regard to this inquiry, at least as it pertains to qualified immunity, courts are required to consider the facts in the light most favorable to Plaintiff. <u>Saucier v. Katz</u>, 533 U.S. at 201. This necessitates assuming that, although he was running, once Plaintiff was confronted or stopped by the officer, he ceased running or resisting in any way - i.e. he never threw any punches. Furthermore, it must be assumed that after Plaintiff stopped running, three officers were present and that he was in fact kicked, punched, and hit on the head with a metal flashlight even after he was lying on the ground. <u>See</u> Pl. Local R. 56(a)(2) Statement, Ex. 2 at 43-47 (Plaintiff's deposition). The facts as stated then support a violation of the Fourth Amendment right to be free from excessive force. Considering the relevant factors, <u>cf</u>. <u>Graham</u>, 490 U.S. at 398, the underlying crime is not particularly severe - at least as it pertains to the immediate safety of the officers and those nearby. While Plaintiff was attempting to evade arrest by running, thus suggesting that the application of some force is objectively reasonable and necessary to stop him from fleeing, the actual force applied would be found to have exceeded that which was necessary to end his flight and effectuate his arrest.[3]

With respect to the second inquiry, there is no question that the right at issue here, the right to be free from excessive force, was clearly established at the time. <u>Lennon</u>, 66 F.3d. at 423, <u>citing</u> <u>Graham</u>, 490 U.S. at 393-94. Nevertheless, Defendants may be entitled to qualified immunity if "if it was objectively reasonable for them to believe that their actions did not violate those rights." <u>Lennon</u>, 66 F.3d at 423. There is no requirement that a court consider the facts in

---

[3] To reiterate, this finding is based on the necessity of viewing the facts in the light most favorable to Plaintiff and is not a formal finding outside of those assumptions. Apart from that necessity, the facts are contested and normally making such a ruling at summary judgment would be inappropriate. Thus, if any part of Plaintiff's allegations were found to be untrue by a fact finder, the outcome could justifiably be quite different.

a light favorable to either party. Defendants argue that an officer would be reasonable in believing the force used was not a Constitutional violation because the force was "necessary to block punches" and "protect himself." Def. Mem. Supp. Summ. J. at 8. This argument relies on disputed questions of fact. As mentioned above, it is not clear at this stage in the proceedings whether Plaintiff was throwing punches. This dispute goes to the heart of the reasonableness of Defendants' conduct. Assuming *arguendo*, as in the first inquiry, that Plaintiff's version of the facts is true, a reasonable jury could find that an officer could not reasonably conclude that the force used was permissible. However, if Plaintiff was resisting by throwing punches, as Defendants contend, a jury could reasonably find that reasonable officers would disagree as to the legality of their actions. Finally, there may be other mitigating circumstances, such as Plaintiff's protesting, see Pl. Local R. 56(a)(2) Statement, Ex. 2 at 43 (Plaintiff's deposition testimony describing his verbal protests, "I ain't doing nothing" and attempts to remain standing), that might have been reasonably interpreted as resistance at the time. Given this dispute, summary judgment is inappropriate. See Thomas v. Roach, 165 F.3d 137, 144 (2d Cir. 1999) ("Because the district court could not determine whether the officers reasonably believed that their force was not excessive when several material facts were still in dispute, summary judgment on the basis of qualified immunity was precluded."). Accordingly, Defendants' Motion for Summary Judgment on this point is denied.

 C. Excessive Force:

 Defendants also argue separately, citing the standard set forth in Graham v. Connor, 490 U.S. at 398, that the force used was objectively reasonable. Def. Mem. Supp. Summ. J. as 4-8. As discussed in the previous section, if the version most favorable to Plaintiff is assumed to be

6

true, this argument fails.  However, the factual questions surrounding Plaintiff's arrest are unresolved.  Therefore, summary judgment is also inappropriate on this question.

**IV. CONCLUSION:**

For the reasons states herein, Defendants' Motion for Summary Judgment (Doc. No. 17) is **denied**.

SO ORDERED.

Dated at New Hav

_____

Peter C. Dorsey, U.S. District Judge
United States District Court

7