UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA RODRIGUEZ, suing as the mother and next friend of ANGEL RODRIGUEZ | : : : : | |
| | : | NO. 3:02CV1521(PCD) |
| VS. | : : | |
| C. PARIS and F. KING | : : | MARCH 8, 2004 |

**TRIAL PREPARATION ORDER**

**I.  CLAIMS OF FACT PROPOSED BY PLAINTIFF FOR STIPULATION AS UNDISPUTED**

1. At all relevant times, the defendants were officers in the Police Department of Bridgeport, Connecticut, acting in their official capacities and under color of law.

2. On October 10, 2000, the defendants participated in the arrest of Angel Rodriguez.

**CLAIMS OF FACT PROPOSED BY DEFENDANTS FOR STIPULATION AS UNDISPUTED**

1. At all times the Defendants, C. Paris and E. King, were police officers in the Bridgeport Police Department and on October 10, 2000 were assigned as patrol officers in the City of Bridgeport.  *(Plaintiff Agrees)*

    2.    On October 10, 2000 the Plaintiff, Angel Rodriguez, was arrested after running from police officers because he had narcotics on his person. *(Plaintiff Disagrees)*

    3.    Neither Police Officer Paris nor Police Officer King stopped the escape of the Plaintiff. *(Plaintiff Disagrees)*

## II. PLAINTIFFS' PROPOSED FINDINGS OF FACT

1. In the course of arresting Angel Rodriguez, the defendants and fellow officers subjected him to a beating. (All witnesses and exhibits listed below.)

2. As a result of the beating, Angel Rodriguez suffered contusions, bruises and abrasions about his face, head and legs. (All witnesses and exhibits listed below.)

3. The injuries inflicted upon Angel Rodriguez required medical attention. (All witnesses and exhibits listed below.)

4. The beating inflicted upon Angel Rodriguez was unprovoked, unnecessary and unreasonable. (All witnesses and exhibits listed below.)

**DEFENDANTS' PROPOSED FINDINGS OF FACT**

1. Charles Paris is employed by the City of Bridgeport as a police officer and was assigned as a patrol officer on October10, 2000 (Testimony of Paris). *(Plaintiff Agrees)*

2. E. King Paris is employed by the City of Bridgeport as a police officer and was assigned as a patrol officer on October10, 2000 (Testimony of King). *(Plaintiff Agrees)*

3. On October 10, 2000, Officers Paris and King were familiar with the area of Olive Street and had responded to prior resident complaints concerning narcotic use and possible distribution in the area (Testimony of Paris and King). *(Plaintiff Agrees)*

4. On October 10, 2000 Officers Paris and King were patrolling the area of Olive Street when they confronted a gathering of a group of young Hispanic and Black males congregating in the area of 136 Oliver Street (Testimony of Paris and King). *(Plaintiff agrees they were patrolling the area, but otherwise disagrees.)*

5. The officers stopped the marked Bridgeport police car and exited to investigate (Testimony of Paris and King). *(Plaintiff Agrees)*

6. As they got out of the car, one Hispanic male ran in the direction of Park Avenue (Testimony of Paris, King and Rodriguez). *(Plaintiff Disagrees)*

7. This male ran directly towards Officer David Uliano who was acting as backup (Testimony of Uliano).  *(Plaintiff Disagrees)*

8. Officer Uliano struggled with this male who attempted to strike him and resist to get away (Testimony of Uliano).  *(Plaintiff Disagrees)*

9. Officer Uliano was able to put the person later identified as Angel Rodriguez on the ground to subdue him (Testimony of Uliano).  *(Plaintiff Disagrees)*

10. Officers Paris and King arrived after Mr. Rodriguez was on the ground and cuffed him to be transported by them (Testimony of Uliano, Paris and King).  *(Plaintiff Disagrees)*

11. Officer Uliano left the area before Mr. Rodriguez was taken away by Officers Paris & King (Testimony of Paris and King).  *(Plaintiff Disagrees)*

12. The officers found 20 bags of marijuana on Mr. Rodriguez and discovered he had recently been arrested and was on probation (Testimony of Paris and King).  *(Plaintiff Agrees)*

13. Mr. Rodriguez ran from Olive Street and attempted to get away from the police because he did not want to get caught with the marijuana (Testimony of Rodriguez).  *(Plaintiff Agrees)*

14. Angel Rodriguez received contusions and scrapes while resisting arrest (Testimony of Paris, King, Uliano and Rodriguez).  *(Plaintiff Disagrees)*

15. The officers Mr. Rodriguez confronted were identifiable police officers (Testimony of Rodriguez). *(Plaintiff agrees the officers were identifiable police officers but disagrees that he confronted them.)*

16. Angel Rodriguez was seen on October 11, 2000 at St. Vincent's Medical Center because Juvenile Hall policy required this to be certain he had no medical condition (Testimony of Keeper of Records, Connecticut Corrections Juvenile Detention Center). *(Plaintiff agrees he received medical treatment but otherwise disagrees.)*

17. St. Vincent's cleared Mr. Angel Rodriguez for admission into juvenile detention on October 11, 2000 (Testimony of Keeper of Records, St. Vincent's Medical Center and Juvenile Detention Center). *(Plaintiff agrees)*

18. Mr. Rodriguez did not receive additional medical assistance for his contusions and scrapes (Testimony of Keeper of Records, St. Vincent's Medical Center, Juvenile Detention Center and Rodriguez). *(Plaintiff agrees)*

19. On October 10, 2000, Mr. Rodriguez ran from the police and attempted to escape because he was on probation and knew he had 20 bags of marijuana on his person (Testimony of Uliano, Rodriguez, Paris and King). *(Plaintiff disagrees)*

20. Neither Officer Paris or Officer King used force to subdue and arrest Mr. Rodriguez (Testimony of Paris, King and Uliano). *(Plaintiff disagrees)*

### III. PLAINTIFF'S CLAIMS OF LAW

1. The force used against Angel Rodriguez was unreasonable and violated his rights under the Fourth Amendment to the United States Constitution.  Graham v. Connor, 490 U.S. 386 (1989).

2. The defendants are responsible for the force employed against Angel Rodriguez.  Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988); Ricciuti v. New York City Transit Authority, 124 F.3d 123, 129 (2d Cir. 1997).

### DEFENDANTS' CLAIMS OF LAW

1. The officers utilized force necessary to effectuate the arrest of Mr. Rodriguez.  *(Plaintiff disagrees)*

2. The officer properly defended himself against the punches and physical use of force by Mr. Rodriguez to escape.  *(Plaintiff disagrees)*

3. The officers have immunity for the use of force because it was objectively reasonable given the Plaintiff's actions and attempt to escape from identifiable police officers.  *(Plaintiff disagrees)*

### IV. PLAINTIFF'S PROPOSED EXHIBITS

1. St. Vincent's Hospital Medical Records and bills.

2. Five (5) photographs of injuries.

**DEFENDANTS' PROPOSED EXHIBITS**

1. Inmate Screening Form and medical attention for Angel Rodriguez for detention beginning on August 9, 2002, December 12, 2002 and thereafter. *(Plaintiff reserves objection on hearsay and relevance grounds pending production of the proposed exhibit by the defendants.)*

2. Incident Report Number 020225-318 of the Bridgeport Police Department *(Objection. Hearsay.)*

3. Angel Rodriguez' criminal record. *(Objection. Hearsay, irrelevant, unduly prejudicial, juvenile record is sealed by operation of state law.)*

4. Sentencing transcript of October 8, 2002. *(Objection. Hearsay, irrelevant, unduly prejudicial, juvenile record is sealed by operation of state law.)*

5. Portions of the deposition of Mr. Angel Rodriguez. *(Plaintiff reserves objection pending designation by defendants of the portions they wish to offer.)*

6. Portions of the deposition of Maria Rodriguez *(Plaintiff reserves objection pending designation by defendants of the portions they wish to offer.)*

7. Duty Roster of the Bridgeport Police Department for October 10, 2002. *(Plaintiff reserves objection pending production by defendants of the proposed exhibit.)*

8. School records of the Plaintiff *(Objection. Irrelevant.)*

9. Records of Mead Hall for October 10, 2000 and, thereafter, of the Plaintiff Angel Rodriguez.  *(Plaintiff reserves objection pending production by defendants of the proposed exhibit.)*

10. Probation Order for October 10, 2000 arrest.  *(Objection.  Hearsay, irrelevant, unduly prejudicial, juvenile records are sealed by operation of state law.)*

11. Photo of the Plaintiff from May 25, 2002.

12. St. Vincent's Medical Center records on October 11, 2000.

13. Bridgeport Police Department Juvenile Index for Angel Rodriguez *(Objection reserved pending production by defendants of the proposed exhibit.)*

14. Connecticut Superior Court Detention Center Classification Screen and Observation Sheet for October 11, 2000 to October 17, 2000.  *(Objection reserved pending production by defendants of the proposed exhibit.)*

15. Map and photo of the area of Olive Street, Iranistan Avenue and Park Avenue in the City of Bridgeport.

**V.    PLAINTIFF'S WITNESSES**

1. Maria Rodriguez will testify concerning her son's injuries and the manner in which she learned of them.

2. Angel Rodriguez will testify to the circumstances and details of the beating he received from the defendants and his resulting injuries.

3. Defendant Paris will testify concerning his beating of Angel Rodriguez and concerning his prior history of police misconduct.

4. Defendant King will testify concerning his beating of Angel Rodriguez and concerning his prior history of police misconduct.

5. Melissa Santa, 200 Mountain Grove Street, Bridgeport, CT, will testify concerning the defendants' actions in beating Angel Rodriguez and the injuries inflicted.

6. Alberto Torres, 200 Mountain Grove Street, Bridgeport, CT, will testify concerning the defendants' actions in beating Angel Rodriguez and the injuries inflicted.

7. One or more medical employees of St. Vincent's Hospital will authenticate and interpret the medical records in this case.

**DEFENSE WITNESSES**

1. Police Officer King may testify as to his duties and responsibilities on October 10, 2000, his knowledge of the area of Olive Street and the actions that led to the arrest of Mr. Rodriguez.

2. Sgt. Paris may testify as to his duties and responsibilities on October 10, 2000 his knowledge of the area of Olive Street and the actions that led to the arrest of Mr. Rodriguez.

3. Police Officer David Uliano may testify as to knowledge of the facts and circumstances of his presence in the area of Olive Street on October 10, 2000 and his participation in the stopping of Mr. Rodgriguez, including his confrontation and the injuries he received when he stopped him from running. He may testify as to the assistance he received from Officers Paris and King after he subdued the suspect.

4. Angel Rodriguez may testify as to the reason he ran from the police officers and his previous contact with the Bridgeport police Officers. He may testify about his criminal arrests and convictions. Lastly he may testify as to the claims of damage and his activities in the Youth Bureau shortly after this arrest including his physical activities.

5. Maria Rodriguez may testify as to her lack of knowledge of the well being of Angel Rodriguez and the refusal of the Court to allow Angel to return to her home after this incident.

6. Keeper of Records or representative from the youth facility in the City of Bridgeport as to the assistance given to Angel Rodriguez and his activities after the incident in question.

7. Keeper of Records of the Connecticut Department of Corrections concerning the fact that the Plaintiff has no continuing medical complaint and/or condition. Also the records will support the position of the officers that the Plaintiff

was using drugs and was attempting to escape because of the implications of finding drugs on his person.

8.  Keeper of Records of Bridgeport Police Department may testify as to the roster of officers on duty on the evening of October 10, 2000 and also will testify as to the criminal records of the Plaintiff Angel Rodriguez.

## VI. EVIDENCE LIKELY TO BE DISPUTED

1.  The plaintiff will object to the production of any evidence, either as witnesses or as exhibits, not disclosed by the defendants during discovery.

2.  The Defendants will object to any testimony of evidence from Mr. Alberto Torres who was not disclosed to the Defendants during the Interrogatory and Production Request.

                              THE PLAINTIFF


                              BY:_____
                                   JOHN R. WILLIAMS (ct00215)
                                   51 Elm Street
                                   New Haven, CT 06510
                                   203/562-9931
                                   FAX: 203/776-9494
                                   E-Mail: jrw@jjohnrwilliams.com
                                   Her Attorney

CERTIFICATION OF SERVICE

A copy hereof was mailed on the date above stated to Attorney   Barbara Brazzel-Massaro, Associate City Attorney, 999 Broad Street, 2nd Floor, Bridgeport, CT 06604.

_____
JOHN R. WILLIAMS