UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARIA RODRIGUEZ, suing as the mother and next friend of ANGEL RODRIGUEZ** : | |
| Plaintiff, : | CIV. NO. 3:02CV1521 (PCD) |
| vs. : | |
| **POLICE OFFICER PARIS and POLICE OFFICER KING** : | |
| Defendants : | MAY 4, 2004 |

## DEFENDANTS' REQUEST TO CHARGE

INSTRUCTION #1

### SUBSTANTIVE CHARGE

In this case, the plaintiff claims that the defendants deprived him of rights secured by the Constitution of the United States. Specifically, under the constitutional claim the plaintiff brings it under a section of federal law known as the Civil Rights Act, which provides that:

> [e]very person who, under color of any statute of any state...subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured...

BMF04078                                 1

INSTRUCTION #2

## ESSENTIAL ELEMENTS

The plaintiff has the burden of establishing, by a preponderance of the evidence, the essential elements of each of his claims. In this suit he must prove as to the civil rights allegations that the defendant (1) acted under color of state law, (2) that the defendant's acts and conduct deprived him of certain rights secured by the Constitution of the United States, (3) that any damages were proximately caused by such acts or conduct and (4) the damages, if any, that he may be entitled to receive.

But as to the first element, that the defendants acted under so-called color of authority of the State, the defendants concede that they were acting under color of State Law. So that element is not disputed. The issue as to this claim is whether the defendants violated any of the plaintiff's civil rights and were any acts of the defendants the proximate cause of the plaintiff's injuries.

Some of you have probably heard of negligence cases. A negligence case is a lawsuit in which it is claimed that somebody failed to act with reasonable care. This is not a negligence case, not with respect to the civil rights claims. I instruct you that, to establish a violation of civil rights under § 1983, a plaintiff must prove to

BMF04078                              2

you by a fair preponderance of the evidence that the defendant acted intentionally or recklessly. He need not have intentionally set out to violate someone's civil rights. That a person had no specific intent or purpose to deprive another of his civil rights will not excuse him from liability if those acts did in fact deprive a plaintiff of those rights.[1] But his acts must be intentional or reckless. If a plaintiff has proven by a fair preponderance of evidence that the acts of the defendant was merely negligent -- that is, careless -- even if you find that a plaintiff was injured as a result of those acts, you must find that here was no violation of civil rights.[2]

---

[1] **Donald v. Wilson**, 847 F.2d 1191 (6th Cir. 1988); plaintiff's amended request to charge, February 7, 1996, #2, p. 2.

[2] Modern Federal Jury Instructions - Civil, Instruction 87-75

BMF04078                                         3

INSTRUCTION #3

## COLOR OF LAW

First, let me explain to you what acting under color of law means. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as a police officer. There is no dispute that at the time of this incident, the defendants were Bridgeport police officers, acting in the course of their employment. Since the defendants were acting as police officers, they were acting under color of law.

BMF04078                                    4

INSTRUCTION #4

## STATE OF MIND: INTENTIONAL OR RECKLESS

An act is intentional if it is done knowingly, or, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its own probable consequences. Recklessly means with indifference to consequences. For example, if a person says something about another person without knowing whether it is true or not, or says it without regard to its truth or falsity or its probable consequences, he may be found to have spoken recklessly.

In determining whether a defendant acted with required intention or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or doesn't do, there is no way of looking into a person's mind nor his intent. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[3] But simply because a witness has testified that a certain thing did or did not happen, you may not, simply by disbelieving that witness, conclude that the opposite of what he/she said is true.

---

[3] 4 Modern Federal Jury Instructions - Civil, Instructions 87-76, 87-77.

BMF04078                                   5

INSTRUCTION #5

## STATE OF MIND: NEGLIGENCE

If you find that the act of a defendants was merely negligent, then even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants as to the civil rights claim. An act is negligent if the defendant was under a duty or obligation that required the defendant to adhere to a certain standard of conduct to protect others against unreasonable risks, and the defendant breached that duty or obligation.

Keeping these general requirements of a § 1983 civil rights claim in mind, I shall now instruct you concerning the specific constitutional rights which the plaintiff claims to have been deprived.

INSTRUCTION #6

## PROXIMATE CAUSE

In order for the plaintiff to prevail on his claims, there must be a showing by a preponderance of the evidence that the defendants' conduct, if found to be unconstitutional, was a proximate cause of the plaintiff's injuries. An act is a proximate cause of a particular result, if it was the actual cause, that is, it is a substantial factor in bringing about that particular result.[4] An occurrence is proximately caused by, or is the direct consequence of, acts which in their natural and continuous sequence, unbroken by a new, independent cause, produced or brought about such occurrences. If an act is of no consequence, or is so trivial as to be a mere incident of the ensuing occurrence, then the act would not have been a substantial factor productive of the occurrence and not a proximate cause.

If the defendants' acts were a substantial factor in bringing about the plaintiff's injuries, and the injuries were a direct consequence of defendants' acts in his natural and continuous sequence, unbroken by a new, independent cause or causes, then such defendants' acts would have been a proximate cause of the

---

[4] ***Doe v. Manheimer***, 212 Conn. 748 at 757 (1989).

BMF04078                            7

injuries. If the defendants were not a substantial factor in bringing about plaintiff's injuries, that is, if the injuries were not a direct consequence of defendants' acts in his natural and continuous sequences, unbroken by a new, independent cause or causes, then such defendants' acts in their natural and continuous sequence, unbroken by a new independent cause or causes, then such defendant's acts would not have been a proximate cause of the plaintiff's claim of excessive force.

INSTRUCTION #7

## EXCESSIVE FORCE

The plaintiff alleges that the defendants used excessive force and that, as a result, the plaintiff was injured. The defendants deny that the force they used was excessive force under the circumstances. You must first determine whether or not the defendants acted as the plaintiff claims and did so intentionally or recklessly. If you find that they did act as the plaintiff claims, you must decide whether the force used was reasonable. Whether or not a police officer is justified in using force to detain a person or to secure a person's arrest or to defend himself or others or take a person into custody, and how much force that officer was justified in using, is determined by the Fourth Amendment standard of "reasonableness." A law enforcement official is justified in using physical force upon a person when and to the extend that he/she reasonably believes it is necessary to carry out his legitimate duties. To determine whether excessive force was used, you must determine whether the amount of force used was that which a reasonable officer would have employed under the circumstances shown from the evidence in this case. Not every push, pull or shove constitutes undue force sufficient to violate a persons

constitutional rights. Nor is a police officer liable for a constitutional violation if an injury is merely negligently inflicted.[5]

United States citizens are protected against the use of excessive force by the Fourth Amendment to the Constitution. In order to prove that a defendant used excessive force in violation of the Fourth Amendment, the plaintiff must prove by a preponderance of the evidence:

1. some harm, that

2. resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

3. objectively unreasonable in light of the facts and circumstances at the time.

If the plaintiff fails to prove any one of these elements, you must find for the defendants.

The unreasonableness of the force properly used must be judged objectively, from the perspective of a reasonable officer on the scene, not with all the knowledge of hindsight. Not every use of force or conduct, whatever the case

---

[5] **Graham v. O'Connor**, 490 U.S. 386, 109 S.CT. 1865, 104 L.Ed.2d 443 (1989); 4 Modern Federal Jury Instructions - Civil, Instruction 87-74C; 3 Debitt, Blackmar & Wolf, Federal Jury Practice and Instructions - Civil, § 103.08 (1994 Pocket Part).

may be, even if it may later seem unnecessary in the relative peace of the courtroom, violates the law.

Whether excessive force was used depends on whether the officer's actions were "objectively reasonable" in light of the circumstances with which they were confronted. Because the test of reasonableness is not capable of precise definition or mechanical application, however, you must pay careful attention to the facts and circumstances of this particular case. Reasonableness of the officers' actions is reviewed in light of the totality of circumstances surrounding the incident. *Graham*, Id. *Anderson v. Brannen*, 17 F.3d 552, 560 (2nd Circ. 1994). The reasonableness inquiry must be undertaken without regard to the underlying motives or intent of the police officers. *Graham* at 397. In determining whether reasonable force was used, courts must balance the nature and quality of the intrusion on the individuals Fourth Amendment interests against the opposing governmental interest at stake. *Graham*, Id; *Lennon*, Id. The fact that the plaintiff may have been handcuffed is not a use of excessive force. *Lennon v. Miller*, 66 F.3d 416 (2nd Cir. 1995). *Johnson v. City of New York*, 940 F. Supp. 631 (S.D. N.Y. 1996). Nor is the detention of the plaintiff during a brief period of time of an investigation a use of excessive force. *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

You should also consider that police officers are often required to make split second judgments -- in circumstances that are tense, uncertain, and rapidly involving.[6]  20/20 hindsight is not the appropriate lens through which to view the police officers' acts. Accordingly, police receive a fairly wide zone of protection in close cases involving potential danger, emergency conditions and other exigent circumstances. Roy v. Inhabitants of City of Lewiston, 42 F.3d 691, 695 (1st Cir. 1994). You do not have to determine whether the Defendants had less intrusive alternatives available, for the Defendants need only have acted within that range of conduct identified as reasonable.

Only if you find from the evidence that a defendant used more force against a plaintiff than would have appeared to a reasonable police officer in the same circumstances to have been necessary in order to accomplish the lawful purpose intended; then you may find that defendant to have used excessive force against a plaintiff contrary to the Fourth Amendment. If a plaintiff has failed to prove by a fair preponderance of the evidence that what the officer did constituted excessive force,

---

[6] **Martin v. Gentile**, 849 F.2d 863 (4th Cir. 1988); **Lennon v. Miller**, 66 F.3d 416, 420 (2nd Cir. 1995)

BMF04078                                12