UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA RODRIGUEZ, suing as the mother and next friend of ANGEL RODRIGUEZ | : | |
| Plaintiff, | : | CIV. NO. 3:02CV1521 (PCD) |
| vs. | : | |
| POLICE OFFICER PARIS and POLICE OFFICER KING | : | |
| Defendants | : | OCTOBER 6, 2004 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION IN LIMINE DATED OCTOBER 4, 2004**

## Introduction

The Plaintiff submitted a motion to preclude the Defendants from utilizing the Plaintiff's arrest and criminal conviction that were the result of recent criminal behavior. Although the Defendants noted as an exhibit in their Trial Preparation Order the criminal convictions of the Plaintiff, the Plaintiff waited until less than two (2) days before the start of testimony and the introduction of evidence to submit a motion to this Court.

BMF04141                                1

The Defendants contend that the evidence of the criminal actions of the Plaintiff is not solely intended as a method to prejudice the jury, but is certainly admissible as a basis for attacking the credibility of the Plaintiff who originally filed a legal action against the two police officers claiming that although he could not recall precisely who caused the injuries, he named these Defendant officers because they authored a police report on the night of his arrest of October 10, 2000.

**Argument**

Federal Rule of Evidence 609 provides: "(a) . . . The purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."

In accordance with this rule of evidence, convictions are automatically admissible without the need to connect them to the action at hand. See McAleavey

v. McMahon, et al, 55 Fed. Appx. 594, 2003 U.S. App. Lexis 2085 (Feb. 6, 2003) (attached). The basis for this is that criminal convictions challenge, to a degree, the trustworthiness or credibility of a party or witness. The Plaintiff's reliance on U.S. v. Sampson, 2004 U.S. App. Lexis 20383 (Sept. 28, 2004) is misguided. In the instant action this Plaintiff, contrary to the position of the officers, contends he was physically assaulted by the officers for no reason other than he was present on Olive Street late one evening. The Defendant officers contend that they were not the officers who stopped the Plaintiff in his attempt to get away. They further contend that when he was stopped he struggled with the officer who confronted him. The jury will need to weigh credibility. For this reason, the conviction is relevant.

Additionally, the Plaintiff attempts to make this Court believe it is relevant that the arrest at issue occurred after this incident. For purposes of the Rules of Evidence, the only criteria is that the conviction is "more than ten" years old. In this action the Plaintiff has several convictions, including the most recent one that he attempts to exclude from evidence. Each is within the last ten years.

The Defendants, therefore, object to the Motion in Limine and request that the Court permit them to inquire as to this conviction.

THE DEFENDANTS

BY: _____
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street, 2nd Floor
Bridgeport, CT 06604
Phone #203/576-7647
Fed. Bar #05746

## CERTIFICATION

This is to certify that a copy of the foregoing "Defendants' Objection to Plaintiff's Motion in Limine dated October 4, 2004" has been hand delivered on this 6th day of October, 2004, to:

John R. Williams, Esq.
51 Elm Street, Suite 409
New Haven, CT  0610

_____
Barbara Brazzel-Massaro
Commissioner of the Superior Court

BMF04141                                    4

Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: **conviction w/25 evidence w/25 609 w/25 admissible** (Edit Search)

☞Select for FOCUS™ or Delivery
☐

55 Fed. Appx. 594, *; 2003 U.S. App. LEXIS 2085, **

FRANCIS McALEAVEY, Plaintiff-Appellant, -v.- JAMES W. McMAHON, PHILIP D. OALDEN, and LEROY RICKSY, Defendants-Appellees.

02-7361

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

55 Fed. Appx. 594; 2003 U.S. App. LEXIS 2085

February 6, 2003, Decided

**NOTICE:** [**1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Eastern District of New York (Wexler, J.).

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff alleged assault victim sued defendant state troopers and a police superintendent alleging excessive force in violation of 42 U.S.C.S. §§ 1981, 1983, 1985, 1986, and so forth. The United States District Court for the Eastern District of New York entered judgment dismissing the complaint following a jury verdict. The alleged victim appealed challenging various evidentiary rulings.

**OVERVIEW:** Concerning the admission of a prior conviction under Fed. R. Evid. 609(b) for purposes of impeaching the alleged victim, contrary to the victim's assertion, the **conviction** was less than 10 years old regardless of how the age of the **conviction** was calculated. The district court did not abuse its discretion in finding that the **evidence was admissible** under Fed. R. Evid. 403. The victim also complained that **evidence** of past excessive force conduct by one of the state trooper's was probative of a motive and intention to act "maliciously and sadistically for the very purpose of causing harm." The reviewing court found that the argument amounted to no more than a veiled attempt to do what Fed. R. Evid. 404(b) expressly prohibited--introducing evidence of bad acts to show a defendant's propensity to commit such acts. Finally, evidence of a trooper's failure of a random drug test (17 months after the alleged use of excessive force) had no appreciable bearing on the issues before the jury. Exclusion of that evidence was well within the district court's discretion.

**OUTCOME:** The court affirmed the judgment of the district court.

**CORE TERMS:** excessive force, assault, excluded evidence, prior conviction, imprisonment, sentenced, parole

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
Evidence > Procedural Considerations > Rulings on Evidence
**HN1**⬆ An appellate court grants the district court broad discretion in regard to evidentiary rulings, and reverses only for abuse of that discretion. More Like This Headnote

Evidence > Witnesses > Impeachment by Prior Conduct & Conviction
**HN2**⬆ Under Fed. R. Evid. 609, a witness's credibility may be attacked with evidence of a prior conviction punishable by imprisonment of more than one year if the conviction is not more than ten years old. Fed. R. Evid. 609(a),(b). More Like This Headnote

Evidence > Relevance > Confusion, Prejudice & Waste of Time
Evidence > Witnesses > Impeachment by Prior Conduct & Conviction
**HN3**⬆ Concerning the admission of the existence of a prior felony conviction, a defendant has the burden of demonstrating that the conviction's probative value was substantially outweighed by its prejudice. Fed. R. Evid. 403. More Like This Headnote

**COUNSEL:** APPEARING FOR APPELLANT: FRANCIS J. SCAHILL, Picciano & Scahill, P.C., Garden City, New York (Sean W. Schaefer on the brief).

APPEARING FOR APPELLEE: OREN L. ZEVE, Assistant Solicitor General, New York, New York (Eliot Spitzer, Attorney General of the State of New York, Michael Belohlavek, Deputy Solicitor General, on the brief).

**JUDGES:** PRESENT: HON. DENNIS JACOBS, HON. GUIDO CALABRESI, and HON. SONIA SOTOMAYOR, Circuit Judges.

**OPINION:** [*594] **SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Francis McAleavey appeals from a final judgment of the United States District Court for the Eastern District of New York (Wexler, J.), entered following a jury verdict, dismissing McAleavey's complaint which alleged excessive force by defendants State Trooper Phillip D. Oalden, former State Trooper LeRoy Ricksy, [**2] and Superintendent of New York State Police James W. McMahon, in violation of 42 U.S.C. §§ 1981, 1983, 1985, 1986, etc. McAleavey challenges trial rulings that (1) allowed the defense to elicit from McAleavey his prior conviction for assault; (2) excluded evidence of a prior excessive force allegation brought against one defendant, and (3) excluded evidence of a defendant's termination from the state police for drug use.

**HN1**⬆ We grant the district court broad discretion in regard to evidentiary rulings, and reverse only for abuse of that discretion. See Silverstein v. Chase, 260 F.3d 142, 145 (2d Cir. 2001).

(1) **HN2**⬆ Under Fed. R. Evid. 609, a witness's credibility may be attacked with evidence of a prior conviction punishable by imprisonment of more than one year if the conviction is not more than ten years old. See Fed. R. Evid. 609(a) & (b); United States v. Hourihan, 66 F.3d 458, 464 (2d Cir. 1995). McAleavey's argument that his conviction is almost ten years old is frivolous. True, the district court calculated the age of the conviction from the date when McAleavey's parole was completed, rather than the date he was sentenced [**3] (the proper date if the sentence does not include imprisonment). See Fed. R. Evid. 609(b). However, the **conviction** was less than ten years old under either calculus.

Further, the district court did not abuse its discretion in finding the **evidence admissible** under Rule 403. Most of the **[*595]** prejudice cited by McAleavey flows from the actions of his own counsel. Although counsel made a general objection during McAleavey's cross examination to an inquiry into McAleavey's "felony problems," counsel failed to object to a question regarding McAleavey's prior "assault"--and counsel himself elicited the most damaging testimony, regarding the circumstances of the assault, on redirect. HN3 ✤Concerning the admission of the existence of a prior felony conviction, McAleavey had the burden of demonstrating that the conviction's probative value was substantially outweighed by its prejudice. See Fed. R. Evid. 403. The relevant circumstances include (1) when McAleavey committed the crime, (2) when he was sentenced, and (3) when he completed his parole, all of which the court knew. While the court overstated the significance of the third and understated the significance of the second for purposes of **[**4]** Rule **609's** bright line rule, the ruling that the **conviction was admissible** under Rule 403 was easily within the bounds of the court's discretion.

(2) McAleavey argues that the **evidence** of defendant's past conduct was probative of a motive and intention to act "maliciously and sadistically for the very purpose of causing harm." Br. for Plaintiff at 17. This argument "amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits--introducing evidence of bad acts to show the defendant's propensity to commit such acts." See Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991).

(3) The defendant's failure of a random drug test (seventeen months after the alleged use of excessive force) had no appreciable bearing on the issues before the jury. Exclusion of that evidence was well within the court's discretion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

Source:  Legal > Cases - U.S. > **Federal Court Cases, Combined**
 Terms:  **conviction w/25 evidence w/25 609 w/25 admissible**  (Edit Search)
  View:  Full
Date/Time:  Tuesday, October 5, 2004 - 12:26 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.