*§ Supplement to Plaintiff's Proposed Jury Charge*

Several of our sister circuits have adopted a framework for assessing the applicability of bystander liability for law officers. *See*

1. **_Skrtich v. Thornton_, 280 F.3d 1295, 1301 (11th Cir.2002)**; **_Mick v. Brewer_, 76 F.3d 1127, 1136 (10th Cir.1996)**; **_Yang v. Hardin_, 37 F.3d 282, 285 (7th Cir.1994)**; **_Anderson v. Branen_, 17 F.3d 552, 557 (2d Cir.1994)**; **_Bruner v. Dunaway_, 684 F.2d 422, 425-26 (6th Cir.1982)**; **_Putman v. Gerloff_, 639 F.2d 415, 423 (8th Cir.1981)**; **_Byrd v. Brishke_, 466 F.2d 6, 11 (7th Cir.1972)**. As a general proposition, these courts have concluded that an officer possesses "an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers." **_Anderson_, 17 F.3d at 557**. According to the Second Circuit, such a duty attaches when an officer observes *204 or has reason to know that a "constitutional violation [is being] committed" by other officers and possesses "a realistic opportunity to intervene to prevent the harm from occurring." *Id.; see also* **_Yang_, 37 F.3d at 285**. This standard recognizes that, in certain limited situations, bystanding officers are obliged to act. **[FN23]** As the Seventh Circuit cogently observed in *Byrd v. Brishke*, "it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." **466 F.2d at 11**. Any rule to the contrary would permit officers to ignore their duty to enforce the law. Therefore, an officer may be liable under § 1983 on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights **[FN24]**; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.

United States District Court
District of Connecticut
FILED AT NEW HAVEN

OCT 7 2004
Kevin F. Rowe, Clerk
P. A. Villano
Deputy Clerk

7. Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating the law. A police officer may not ignore the duty imposed by his office and fail to stop other officers who use

7.  Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating the law.  A police officer may not ignore the duty imposed by his office and fail to stop other officers who use unreasonable force against a third person in his presence.  Thus, if you find that any police officer, whether or not named as a defendant, violated any of the civil rights of the plaintiff's son, and that any defendant did nothing to prevent it, although in a position to do so, then the defendant himself is liable for that unlawful act.  [Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972).]

8.  When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, Law of Torts, Section 46, pp. 291-95 (4th Ed. 1971); Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982).]